IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

David Patrick Worrell, #02584-007,      )
                                        )
                 Petitioner,            )    C.A. No. 0:09-641-HMH-PJG
                                        )
          vs.                           )    **OPINION & ORDER**
                                        )
Darlene Drew, Warden, FCI Bennettsville,)
                                        )
                 Respondent.            )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] David Patrick Worrell ("Worrell") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Gossett recommends granting the Respondent's motion for summary judgment.

Worrell filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Worrell's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Worrell objects to the magistrate judge's conclusion that the Respondent did not err in "failing to immediately consider the five statutory factors listed in 18 U.S.C. § 3621(b) in evaluating his request for immediate [residential re-entry center ("RRC")] placement." (Report and Recommendation 8.); (Objections 1-2.) On March 1, 2004, Worrell was sentenced to 151 months' imprisonment for possession with intent to distribute cocaine and possession with intent to distribute heroin. (Resp't Mem. Supp. Mot. Summ. J. Exs. (Sentence Monitoring Computation Data).) Worrell is currently serving this sentence and his projected release date is March 17, 2014. (Id. Exs. (Sentence Monitoring Computation Data).) 18 U.S.C. § 3624(c)(1) provides that:

> The Director of the Bureau of Prisons [("BOP")] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act of 2007, eff. Apr. 9, 2008). Five factors are considered in determining whether to make a placement in an RRC,

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

        (3) the history and characteristics of the prisoner;

        (4) any statement by the court that imposed the sentence–

            (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or

            (B) recommending a type of penal or correctional facility as appropriate; and

        (5) any pertinent policy statement issued by the Sentencing Commission . . . .

18 U.S.C. § 3621(b). Pursuant to certain amendments by the Second Chance Act, the BOP is required to issue new regulations to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Therefore, the BOP is required to determine "on an individual basis" how much time, if any, a federal prisoner should spend at an RRC. § 3624(c)(6)

        Worrell submitted a request to be immediately considered for placement in an RRC. The Respondent informed Worrell that he would be considered for placement within seventeen to nineteen months of his projected release date. (Id. Exs. (Administrative Remedy Request 5/21/09).) Worrell cites no authority for the proposition that the BOP is required to immediately consider him for placement in an RRC. Skrzypek v. Cruz, Civil No. 08-6111 ADM/SRN, 2009 WL 465053, at *2 (D. Minn. Feb. 24, 2009) (finding that the BOP did not have a legal obligation to decide immediately whether a prisoner would be transferred to an RRC) (unpublished). Further, at this time, the Respondent has not denied Worrell placement in an RRC. Therefore, this objection is without merit.

In addition, Worrell raises a new argument that the "U.S. Parole Commission does not have jurisdiction to issue a parole violator warrant after a sentence has been terminated." (Objections 2.) Worrell argues that "there are no sufficient grounds to deny petitioner RRC placement" because he should be given 54 days of good time credit toward his District of Columbia sentence imposed on April 24, 1997, based on a statute enacted after the imposition of this sentence. (Id. 2-3.) The court is unclear regarding what Worrell is attempting to allege and how it applies to the issue before the court. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 16, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 8, 2010

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.